**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
WILLIAM TELFORD, Individually, and on Behalf
of all others Similarly Situated,

                               Plaintiff,

                 - against -

IDEAL MORTGAGE BANKERS, LTD., d/b/a
LEND AMERICA, INC.,

                               Defendant.
-------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

CV 09-5518 (JS) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

Plaintiff William Telford commenced this action against Defendant Ideal Mortgage Bankers Inc. ("Ideal Mortgage") alleging violations under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* (the "WARN Act"). Defendant never responded to the Complaint nor did it seek additional time to respond to the Complaint and Plaintiff accordingly sought the Clerk's entry of default against Ideal Mortgage pursuant to Rule 55(a) [DE 3]. After the Clerk of the Court noted the default of the Defendant [DE 5], Plaintiff filed a motion under Rule 55(b) seeking entry of default judgment against the Defendant. Pursuant to Rule 72, District Judge Seybert referred the matter to me for a Report and Recommendation as to whether a default judgment should be granted and, if so, to determine the appropriate amount of damages, if any. DE 7.

## II. PERTINENT FACTS

Ideal Mortgage was in the business of making residential mortgage loans and operated and maintained its headquarters in Melville New York as well as additional facilities across the Country. Compl. ¶ 3. Apparently, on December 1, 2009, Ideal Mortgage closed their facilities. *Id.* at ¶ 4. Plaintiff was employed by Ideal Mortgage and worked at the Melville facility until his termination on December 1, 2009. *Id.* at ¶ 5. Until December 1, 2009, the Plaintiff and all similarly situated employees were employed by Ideal Mortgage and worked at one of the facilities. *Id.* at ¶ 6. However, Plaintiff claims that Ideal Mortgage terminated the employment of approximately 500 other employees on December 1 without cause. *Id.* at ¶ 11, 17. Under the WARN Act, Ideal Mortgage was required to give each employee at least sixty days advance written notice of their respective terminations. *Id.* at ¶ 14. Despite this requirement, Plaintiff claims that Ideal Mortgage failed to give any employee such written notice and failed to pay the respective wages, salary and health coverage for sixty calendar days following such termination as required by the WARN Act. *Id.* According to the official website of the State of New York Banking Department, on February 12, 2010, the name of Ideal Mortgage Bankers, Ltd. d/b/a/ Lend America was deleted from the roll of mortgage bankers licensed pursuant to Article 12-D of the New York State Banking Law. *See* Order of Revocation at www.banking.state.ny.us.

## III. APPLICABLE STANDARD

A default constitutes an admission of all well-pleaded factual allegations in the complaint and the allegations as they pertain to liability are deemed true. *Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506

U.S. 1080 (1993)). A default judgment entered on the well-pleaded allegations in the complaint establishes a defendant's liability. *See Garden City Boxing Club, Inc. v. Morales*, 2005 WL 2476264, at *3 (E.D.N.Y. Oct. 7, 2005) (citing *Bambu Sales, Inc. v. Ozak Trading, Inc.*, 58 F.3d 849, 854 (2d Cir. 1995)). The only question remaining, then, is whether Plaintiff has provided adequate support for the relief he seeks. *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158.

For a movant to obtain a default judgment, it must complete a two-step process. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R.. Civ. P. 55(a); *see FashionTV.com GMBH v. Hew*, 2007 WL 2363694, at *2 (S.D.N.Y. Aug. 17, 2007). Once the clerk's certificate of default is issued, the moving party may then make an application for entry of a default judgment, pursuant to Fed. R. Civ. P. 55(b), as Plaintiff has done here. *See Kieit Constructors, Inc. v. Franbuilt, Inc.,* 2007 WL 4405029 at *2 (W.D.N.Y. Dec. 14, 2007); *FashionTV.com*, 2007 WL 2363694, at *2. The Clerk of the Court noted the default of the Defendant but judgment has not been entered for Plaintiffs. *See* DE 5.

Rule 55(b)(2) provides that, except in cases in which "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation" (*see* Rule 55(b)(1)), "the party must apply to the court for a default judgment." The determination of a motion for default judgment is left to the sound discretion of the district court. *See Shah v. New York State Dep't of Civil Serv.*, 168 F.3d 160, 610, 615 (2d Cir. 1999).

In determining whether to grant a default judgment, the court may consider "numerous factors, including 'whether plaintiff has been substantially prejudiced by the delay involved [ ]

amd whether the grounds for default are clearly established or in doubt.'" *O'Callahan v. Sifre*, 242 F.R.D. 69, 73 (S.D.N.Y. 2007) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2685 (3d ed.1998)). As the Second Circuit has observed, the Court is guided by the same factors which apply to a motion to set aside entry of a default. *See Enron Oil Corp. v. Diakuhara*, 90, 96 (2d Cir. 1993); *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 170-171 (2d Cir. 2001). These factors are (1) "whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Mason Tenders Dist. Council v. Duce Constr. Corp.,* 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003) (citation omitted); *see also Basile v. Wiggs*, 2009 WL 1561769, at *4 (S.D.N.Y. May 29, 2009) (listing factors for court's consideration including defaulting party's bad faith, "possibility of prejudice to the plaintiff, the merits of the plaintiff['s] substantive claim, the sufficiency of the complaint, the sum at stake, [and] whether the default was due to excusable neglect") (second alteration in the original) (quoting *Feely v. Whitman Corp.*, 65 F. Supp. 2d 164, 171 (S.D.N.Y. 1999)).

**IV.     DISCUSSION**

As to the first factor set forth in *Mason Tenders Dist. Council*, the failure of Ideal Mortgage to respond to the Complaint sufficiently demonstrates wilfulness. *See, e.g., Indymac Bank v. Nat'l Settlement Agency, Inc.*, 2007 WL 4468652 (S.D.N.Y. Dec. 20, 2007). Plaintiff has submitted an affidavit of service demonstrating that Defendant was served on January 7, 2010 with a Summons and a copy of the Complaint. *See* DE 2. As noted above, Defendant never answered or responded in any way to the Complaint, nor did it request an extension of time

4

to respond to the Complaint. Further, Plaintiff has submitted another affidavit of service demonstrating that Defendant was served with Plaintiff's motion for entry of default. *See* DE 3, Ex. B. Therefore, the Court file establishes that Defendant has failed to respond to the Complaint.

Next, the Court must consider whether Defendant has a meritorious defense. The Court is unable to make a determination whether these Defendants have a meritorious defense to Plaintiffs' allegations because they have presented no such defense to the Court. Hence, where no defense has been presented and, "[w]here, as here, 'the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Chen v. Jenna Lane, Inc.,* 30 F.Supp.2d 622, 623 (S.D.N.Y.1998) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688, at 58-59 (3d ed.1998)). The Complaint, the allegations of which are deemed admitted by the Defendant in light of its default, describes in detail the factual allegations that underlie Plaintiff's claim under the WARN Act. *See Indymac Bank*, 2007 WL 4468652, at *1.

Indeed, accepting all allegations in the Complaint as true, the Plaintiff has asserted a valid claim under the WARN Act. Under 29 U.S.C. §2104(a)(1), a civil action may be brought against an employer who orders a plant closing or mass layoff in violation of Section 2102 by each aggrieved employee who suffers an employment loss, meaning termination other than a discharge for cause, if certain conditions are met. Plaintiff has alleged that Defendant was an employer of more than 100 employees who in the aggregate worked at least 4,000 hours. Compl. ¶ 33; 29 U.S.C. § 2101(a)(1). Further, Plaintiff has alleged that the Defendant undertook a plant closing or mass layoff which affected at least 500 employees. Compl. ¶ 11; 29 U.S.C. § 2101(a)(2)-(3).

Thus, under the WARN Act:

> An employer shall not order a plant closing or mass layoff until the end of a 60-day period after the employer serves written notice of such an order–(1) to each representative of the affected employees as of the time of the notice or, if there is no such representative at that time, to each affected employee . . .

29 U.S.C. § 2102(a). Accordingly, the Plaintiff has satisfied the requirements to assert a violation under the WARN Act.

The final factor the Court must consider is whether the non-defaulting parties would be prejudiced if the motion for default were to be denied. Denying this motion would be prejudicial to Plaintiff "as there are no additional steps available to secure relief in this Court." *Bridge Oil Ltd. v. Emerald Reefer Lines, LLC,* No. 06 Civ. 14226, 2008 WL 5560868, at *2 (S.D.N.Y. Oct. 27, 2008) (citing *Mason Tenders Dist. Council v. Duce Constr. Corp.,* 2003 WL 1960584, at *3). To answer the District Judge's first question, then, all three factors have been met and a default judgment is warranted. I therefore respectfully recommend to Judge Seybert that a default judgment be entered against Defendant Ideal Mortgage.

## V. DAMAGES CALCULATION

According to the Complaint, Plaintiff and the other members of the putative Class have been damaged in amounts equal to the sum of: (a) their respective lost wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, 401(k) contributions for sixty calender days; (b) health and medical insurance and other fringe benefits that they would have received or had the benefit of receiving, for a period of sixty calendar days after the dates of their respective terminations; and (c) medical expenses incurred during such period by such persons that would have been covered and paid under the then applicable employee benefit plans had that

coverage continued for that period. Compl. ¶ 31. However, the Court notes that the motion for a default judgment was made before any motion was filed to certify the class.

In the Complaint, Plaintiff states that the action is brought pursuant to Fed. R. Civ. P. 23(a) and (b)(3). Likewise, the application for default judgment seeks damages for "all similarly situated employees, and attorney's fees." DE 6 at 1. "Where as here, class relief is sought after default, 'a more fundamental problem' arises because no class was certified as required by Rule 23(c)(1)." *Williams v. Goldman & Steinberg, Inc.,* No. CV-03-2132, 2006 WL 2053715, at *8 (E.D.N.Y. July 21, 2006) (quoting *Davis v. Hutchins*, 321 F.3d 641, 648 (7th Cir. 2003)). There must be actual and not just presumed compliance with Rule 23(a). *Gen. Tele. Co. of the S.W. v. Falcon,* 457 U.S. 147, 160-61 (1982). As the Court noted in *Davis v. Hutchins*,

> There is a general principle that factual allegations in the complaint are deemed admitted by the defendant upon default; however, application of that general principle does not solve the class-certification issue. Rule 23(c) imposes an independent duty on the district court to determine by order that the requirements of Rule 23(a) are met regardless of the defendant's admissions. No such judicial determination was made here

321 F.3d at 648-649. The Court cannot permit certification by default. *Davis*, 321 F.3d at 649. Therefore, it is necessary to make an independent determination whether the requirements of Rule 23(a) are satisfied before an award of class damages can be made. First, however, Plaintiff's counsel needs to determine whether he wishes to proceed as to Plaintiff Telford alone or on behalf of the entire class. If counsel wants to proceed as to the putative class, then I respectfully recommend to Judge Seybert that, in light of defendant's default which has deprived Plaintiff of an opportunity to conduct discovery, that Plaintiff be granted an opportunity to conduct discovery for 90 days on the question of the class and damages. *See Williams v.*

7

*Goldman & Steinberg, Inc.,* 2006 WL 2053715, at *10. Plaintiff would further be required to make a brief application to the Court to do so within 14 days after Judge Seybert renders her decision on this Report.

Under Section 2104(1)(A) and (b), an aggrieved employee can recover, up to a maximum of 60 days, "back pay for each day of violation at a rate of compensation not less than the higher of – (i) the average regular rate received by such employee during the last 3 years of the employee's employment; or (ii) the final regular rate received by such employee" and "benefits under an employee benefit plan . . . including the cost of medical expenses incurred during the employment loss which would have been covered." Accordingly, Defendant is liable for Plaintiff's back pay, benefits and cost of any medical expenses incurred during the employment loss for up to 60 days. However, Plaintiff has not submitted any documentation to date to support his damages claim for himself or for the putative class. Given the nature of this case and the damages claim, I find that a hearing is necessary in any event to conduct a formal inquest.

For the foregoing reasons, I respectfully recommend to Judge Seybert that a default judgment be entered against Defendant Ideal Mortgage. I further recommend that the issue of damages be deferred to a formal hearing on a date to be set by this Court once Plaintiff's counsel notifies the Court whether he plans to move for class certification or will proceed solely on behalf of Plaintiff Telford. For these reasons, the issue of attorney's fees should also be deferred to the formal hearing.

## VI. CONCLUSION

For the reasons set forth above, I respectfully recommend to Judge Seybert that: (1) a default judgment is warranted and should be entered against Defendant Ideal Mortgage; and (2) a formal hearing be scheduled pursuant to the terms set forth above.

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6(a) and (e). Such objections shall be filed with the Clerk of the Court via ECF. A courtesy copy of any objections filed is to be sent to the chambers of the Honorable Joanna Seybert, and to the chambers of the undersigned. Any requests for an extension of time for filing objections must be directed to Judge Seybert prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir.), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**SO ORDERED.**

Dated: Central Islip, New York
August 17, 2010

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge